# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 17-921V**
**Filed: August 17, 2021**
UNPUBLISHED

LAVELL MAIZE,

                    Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                    Respondent.

Joint Stipulation on Damages;
Influenza (Flu) Vaccine; significant
aggravation; Multiple Sclerosis (MS)

*Sylvia Chin-Caplan, Law Office of Sylvia Chin-Caplan, Boston, MA, for petitioner.*
*Voris Edward Johnson, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON JOINT STIPULATION[1]

On July 7, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered significant aggravation of his pre-existing Multiple Sclerosis ("MS"). Petition at 1; Stipulation, filed August 17, 2021, at ¶¶ 1-4. Petitioner further alleges that he experienced the residual effects of his injury for more than six months and has not received any prior award or settlement for his injury. Petition at 11; Stipulation at ¶¶ 4-5. "Respondent denies that the flu vaccine caused any alleged significant aggravation of petitioner's MS and residual effects, or other injury." Stipulation at ¶ 6.

Nevertheless, on August 17, 2021, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation. I find the stipulation reasonable and adopt it as the decision of the Court in awarding damages, on the terms set forth therein.

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Pursuant to the terms stated in the attached Stipulation,  **I award the following compensation:**

**A lump sum of $130,000 in the form of a check payable to petitioner**. Stipulation at ¶ 8.  This amount represents compensation for all items of damages that would be available under § 15(a).  *Id*.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                          **s/Daniel T. Horner**
                          Daniel T. Horner
                          Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

———————————————————————

LAVELL MAIZE,                                                    )
                                                                )
                                                                )
                      Petitioner,                               )
                                                                )       No. 17-921V **(ECF)**
v.                                                              )       Special Master Horner
                                                                )
SECRETARY OF HEALTH                                             )
AND HUMAN SERVICES,                                            )
                                                                )
                      Respondent.                               )
———————————————————————)

**STIPULATION**

The parties hereby stipulate to the following matters:

1.      Lavell Maize ("petitioner") filed a petition for vaccine compensation under the

National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine

Program").  The petition seeks compensation for injuries allegedly sustained following

petitioner's receipt of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine

Injury Table (the "Table"), 42 C.F.R. §100.3(a).

2.      Petitioner received a flu vaccine on December 11, 2014.

3.      The vaccine was administered within the United States.

4.      Petitioner alleges that the flu vaccine caused-in-fact a significant aggravation of

his pre-existing multiple sclerosis ("MS"), and that he experienced the residual effects of his

injury for more than six months.

5.      Petitioner represents that there has been no prior award or settlement of a civil

action for damages as a result of his condition.

6.      Respondent denies that the flu vaccine caused any alleged significant aggravation

of petitioner's MS and residual effects, or any other injury.

7.      Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8.      As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $130,000.00 in the form of a check payable to petitioner, Lavell Maize, which amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9.      As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10.     Petitioner and his attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act, 42 U.S.C. § 1396 et seq.), or by entities that provide health services on a pre-paid basis.

11.     Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject

to the availability of sufficient statutory funds.

12.     The parties and their attorneys further agree and stipulate that, except for any

award for attorneys' fees and litigation costs, and past unreimbursed expenses, the money

provided pursuant to this Stipulation will be used solely for the benefit of petitioner, as

contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the

conditions of 42 U.S.C. § 300aa-15(g) and (h).

13.     In return for the payments described in paragraphs 8 and 9, petitioner, in his

individual capacity, and on behalf of his heirs, executors, administrators, successors or assigns,

does forever irrevocably and unconditionally release, acquit and discharge the Secretary of

Health and Human Services and the United States of America from any and all actions or causes

of action (including agreements, judgments, claims, damages, loss of services, expenses and all

demands of whatever kind or nature) that have been brought, could have been brought, or could

be timely brought in the Court of Federal Claims, under the National Vaccine Injury

Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out

of, any and all known or unknown, suspected or unsuspected personal injuries to, or death of,

petitioner resulting from, or alleged to have resulted from, the flu vaccine administered on

December 11, 2014, as alleged by petitioner in a petition for vaccine compensation filed on or

about July 7, 2017, in the United States Court of Federal Claims as petition No. 17-921V.

14.     If petitioner should die prior to entry of judgment, this agreement shall be

voidable upon proper notice to the Court on behalf of either or both of the parties.

15.     If the special master fails to issue a decision in complete conformity with the

terms of this Stipulation, or if the Court of Federal Claims fails to enter judgment in conformity

with a decision that is in complete conformity with the terms of this Stipulation, then the parties'

settlement and this Stipulation shall be voidable at the sole discretion of either party.

16.     This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above.  There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to.  The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17.     This Stipulation shall not be construed as an admission by the United States of America or the Secretary of Health and Human Services that the flu vaccine caused a significant aggravation of petitioner's MS and/or residual effects, or any other injury.

18.     All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, successors and/or assigns.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

4

Respectfully submitted.

**PETITIONER:**

LAVELL MAIZE

**ATTORNEY OF RECORD FOR PETITIONER:**

SYLVIA CHIN-CAPLAN
Law Office of Sylvia Chin-Caplan
53 State Street, Suite 500
Boston, MA 02109
(617) 419-7162

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

Dale Mishler, DHSc, for

TAMARA OVERBY
Acting Director, Division of Injury
  Compensation Programs (DICP)
Healthcare Systems Bureau
Health Resources and
  Services Administration
U.S. Department of Health
  and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

Voris E. Johnson, Jr.
by Heather L. Pearlman

VORIS E. JOHNSON, JR.
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel.: (202) 616-4136
Email: voris.johnson@usdoj.gov

Dated: 08/17/2021

5