# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed:  September 6, 2022



| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | UNPUBLISHED |
| LAVELL MAIZE, | * | No. 17-921V |
| | * | Special Master Horner |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | * | |

*Sylvia Chin-Caplan*, Law Office of Sylvia Chin-Caplan, LLC, Boston, MA, for Petitioner.
*Voris E. Johnson*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On July 7, 2017, Lavell Maize ("petitioner"), filed a claim under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012).[2] Petitioner alleged he suffered significant aggravation of his pre-existing multiple sclerosis after receiving an influenza vaccine. (ECF No. 1). On August 17, 2021, the parties filed a stipulation, which I adopted as my decision awarding compensation on the same day. (ECF No. 60).

On February 14, 2022, petitioner filed an application for attorneys' fees and costs. (ECF No. 65) ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $86,128.59, broken down as follows: $61,453.25 in attorneys' fees and $17,339.73 in costs to petitioner's current counsel and $6,890.50 in attorneys' fees and $445.11 in costs for petitioner's former counsel, Conway Homer, P.C. Fees App. at 1. Pursuant to General Order No. 9, petitioner

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet**.  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.  Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

certifies that he has not incurred any fees or costs related to the prosecution of his petition. *Id*. at 2. Respondent responded to the motion on February 23, 2022, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp. at 2 (ECF No. 66). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I.      Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008). This is a two-step process. *Id.* at 1347-48. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 894-95. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### a. Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, 2019, and 2020 can be accessed online.[3]

Petitioner requests the following hourly rates for the work of his counsel: for Ms. Sylvia Chin-Caplan, $400.00 per hour for work performed in 2016, $414.00 per hour for work performed in 2017, $429.00 per hour for work performed in 2018, $445.00 per hour for work performed in 2019, $445.00 per hour for work performed in 2020, and $458.00 per hour for work performed in 2021, and $441.00 per hour for work performed in 2022; for Mr. Timothy Mason, $225.00 per hour for work performed in 2017, $238.00 per hour for work performed in 2018, $247.00 per hour for work performed in 2019, and $253.00 per hour for work performed in 2020. These rates are consistent with what counsel have previously been awarded for their Vaccine Program work, and I find them to be reasonable for work performed in the instant case.

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521. While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26.

Upon review of the submitted billing records, I find that an overall reduction to the hours billed is necessary for several reasons. First, in my experience, there is an excessive amount of interoffice communication between Ms. Chin-Caplan and Mr. Mason. Special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly. *See Sabella v. Sec'y of Health & Human Servs.,* 86 Fed. Cl. 201, 209 (2009); *Raymo v. Sec'y of Health & Human Servs.,* 129 Fed.Cl. 691, 703-704 (2016); *Rice v. Sec'y of Health & Human Servs.,* No. 15-1335V, 2018 WL 4784563, at*2 (Fed. Cl. Spec. Mstr. Aug. 27, 2018).

Second, many of Ms. Chin-Caplan's billing entries are vague. Entries for reviewing records do not mention which particular records were being reviewed and entries for communication with Petitioner do not mention the subject of the communication. As the Federal Circuit has previously ruled, disclosure of the general subject matter of billing statements does not violate attorney-client privilege and billing entries for communication should contain some indication as to the nature and purpose of the communication. *See Avgoustis v. Shinseki*, 639 F.3d 1340, 1344-45 (Fed. Cir.

---

[3] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914.

2011). Overall, the vagueness of these entries makes it difficult for me to assess their reasonableness. Ms. Chin-Caplan has been previously criticized for creating vague entries. *See Abbott v. Sec'y of Health & Human Servs.,* No. 10-485V, 2017 WL 2226614, at \*6 (Fed. Cl. Apr. 26, 2017), *mot. for rev. denied*, 135 Fed. Cl. 107, 111-12 (2017).

Accordingly, I shall reduce the final award of attorneys' fees to petitioner's current counsel by five percent, resulting in a reduction of $3,072.66. Petitioner is therefore awarded final attorneys' fees of $58,380.59 to his current counsel and $6,890.50 to his former counsel.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $17,784.84 in attorneys' costs. This amount is comprised of acquiring medical records, professional review of those records, the Court's filing fee, postage, work performed by petitioner's medical expert, Dr. Carlo Tornatore, and costs to take Dr. Okuda's deposition. Fees App. Ex. 2 at 2. Petitioner has provided adequate documentation of the requested costs and they appear to be reasonable in my experience. Petitioner is therefore awarded the full amount of costs sought ($17,784.84 to petitioner's current counsel and $445.11 to petitioner's former counsel).

## II.   Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I have reviewed the billing records and costs in this case and finds that petitioner's request for fees and costs is reasonable. I find it reasonable to compensate petitioner and his counsel as follows:

1) **a lump sum in the amount of $76,165.43, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and petitioner's counsel, Ms. Sylvia Chin-Caplan; and**

2) **a lump sum in the amount of $7,335.61, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and petitioner's former counsel, Conway, Homer, P.C.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

s/Daniel T. Horner
Daniel T. Horner
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).